989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Allen ARTIS, Defendant-Appellant.
 No. 92-5744.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert E. Payne, District Judge. (CR-92-37-NN)
 Sydney K. L. West, Horne, West and McMurtrie, P.C., Gloucester, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Allen Artis was found guilty in a bench trial of two counts of distribution of crack cocaine (21 U.S.C.A. § 841 (West 1981 & Supp. 1992)), and one count of unlawful receipt of firearms by a convicted felon (18 U.S.C.A. §§ 922(g)(1), 924) (West Supp. 1992)). He appeals his conviction for unlawful receipt of firearms and his sentence. We affirm.
 
 
 2
 The evidence at trial established that Artis told a confidential informant that he desired to trade drugs for guns. The informant introduced him to an undercover detective who was posing as a supplier of firearms, and Artis told the detective he wanted two Glock semiautomatic handguns and a mini-Uzi submachine gun. They agreed on a quantity of crack cocaine which Artis would deliver as payment when the firearms were available. The detective then obtained the three firearms from the Bureau of Alcohol, Tobacco and Firearms (ATF) laboratory in Maryland. Before the date set for the firearms transaction, Artis sold the confidential informant 5.22 grams of cocaine. On the agreed date for the exchange of crack for firearms, the undercover detective brought the three firearms to the meeting in a duffle bag. Artis distributed forty-nine grams of crack and $200 to the agent. After receiving payment, the detective took the guns out of the bag and showed Artis how they worked. He then put them back in the bag, closed it securely, and handed the bag to Artis. However, the detective removed his hand from the bag only briefly before taking it back and arresting Artis.
 
 
 3
 At the close of the government's case, Artis moved to dismiss, contending, with regard to the firearms count, that there was no proof he had knowledge that the firearms had moved in interstate commerce, and also that he had not actually received the guns. The district court denied the motion, finding that § 922(g) does not require that the defendant know the firearms have moved in interstate commerce. Artis was convicted on all three counts. We find no error in the court's ruling that knowledge is not an element ofs 922(g)(1). See United States v. Santiesteban, 825 F.2d 779, 782 (4th Cir. 1987). Further, the evidence was sufficient to establish that Artis received the firearms, however briefly.
 
 
 4
 Artis made a statement to a federal ATF agent immediately following his arrest in which he said he had come to Virginia from New York five times in the previous two months and had brought cocaine to sell on four of those trips. In his statement to the probation officer, however, he did not acknowledge any prior drug dealing. At his sentencing hearing, Artis denied ever bringing drugs from New York to Virginia and denied telling the agent after his arrest that he had done so. The agent testified to the contrary, and the district court reviewed the notes the agent had taken during the interview with Artis.
 
 
 5
 The district court found the agent's testimony more credible than Artis's testimony and, on the basis of Artis's untruthful statements to the probation officer and to the court at sentencing, found that Artis had not accepted responsibility for his criminal conduct. We review this factual finding for clear error. United States v. White, 875 F.2d 427 (4th Cir. 1989). To earn the reduction, a defendant must "demonstrate a recognition and affirmative acceptance of personal responsibility for" all his criminal conduct. United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1991); United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). The district court did not clearly err in finding that Artis had failed to make the requisite showing.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED